UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OLD REPUBLIC INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>   v.<br><br>IDEAL AVIATION ILLINOIS, LLC, PARKS AVIATION HOLDINGS, LLC, and COLIN FOPPE,<br><br>      Defendant. | Case No. 23-cv-2728-JPG |

**MEMORANDUM AND**
**ORDER TO SHOW CAUSE**

This matter comes before the Court on the "joint" motion to opt out of the Court's Mandatory Mediation Program in this declaratory judgment action seeking a declaration of no coverage under two insurance policies or, in the alternative, limitation of liability under the policies (Doc. 29). The Court puts "joint" in quotes because it is a joint motion between the plaintiff Old Republic Insurance Company ("Old Republic") and defendant Colin Foppe, the plaintiff in the underlying lawsuit against the plaintiff's insureds Ideal Aviation Illinois, LLC ("Ideal") and Parks Aviation Holdings, LLC ("Parks"). *See Foppe v. Ideal Aviation Illinois, LLC and Parks Aviation Holdings, LLC*, Case No. 23 LA 0778 (St. Clair Co.). Ideal and Parks have waived service of process (Docs. 16 & 17) but have not filed timely answers or otherwise responded and have not appeared in the case.

In their motion, Old Republic and Foppe represent that mediation efforts prior to the summary judgment stage of this declaratory judgment action would be futile. The Court believes that any mediation that does not include Ideal and Parks, the parties potential subject to liability in the underlying lawsuit if the Court declares no coverage or limited coverage, would be

hobbled by their absence.  Accordingly, the Court finds good cause exists for temporary relief from the Mandatory Mediation Program until Ideal and Parks appear in the case to join in the mediation.  Accordingly, the Court **GRANTS** the "joint" motion to opt out of the Mandatory Mediation Program (Doc. 29), but may reconsider this ruling once Ideal and Parks either appear in this case or the claims involving them are resolved.

In the meantime, the Court notes that Old Republic filed this action in August 2023 and promptly sought waiver of service from Ideal and Parks.  They both executed waivers on August 31, 2023, making their answers due October 29, 2023.  Those defendants did not respond in a timely manner, yet the plaintiff has not requested entry of default pursuant to Federal Rule of Civil Procedure 55(a).

The Court hereby **ORDERS** Old Republic to **SHOW CAUSE** on or before April 26, 2024, why the Court should not dismiss the claims against Ideal and Parks for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to manage its docket.  *See In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995).  Failure to respond in a timely manner to this order may result in dismissal of this action.  The plaintiff's filing of a proper request for entry of default from the Clerk of Court shall be a satisfactory response to this order to show cause.

**IT IS SO ORDERED.**
**DATED:  April 15, 2024**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**